# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL STOCKWELL,
        Appellant,

     v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
CH-4324-17-0314-I-2

DATE: July 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brian J. Lawler</u>, Esquire, San Diego, California, for the appellant.

<u>Kevin B. Marsh</u>, Esquire, and <u>Megan E. Gagnon</u>, Esquire, Detroit, Michigan, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the U.S. Court of Appeals for the Federal Circuit's decision in *Adams v. Department of Homeland Security*, 3 F.4th 1375 (Fed. Cir. 2021), we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Generally, an employee making a USERRA claim under 38 U.S.C. § 4311 must show that (1) he was denied a benefit of employment, and (2) his military service was a substantial or motivating factor in the denial of such a benefit. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). However, in a case such as this one, when the benefit in question is available only to members of the military, it is unnecessary for the employee to make an additional showing that his military service was a substantial or motivating factor. *See Adams*, 3 F.4th at 1377-78; *Butterbaugh v. Department of Justice*, 336 F.3d 1332, 1336 (Fed. Cir. 2003). Thus, the only issue to be decided in this case is whether the appellant was entitled to differential pay under 5 U.S.C. § 5538(a) as a benefit of employment.

¶3 Section 5538(a) provides, in relevant part:

An employee who is absent from a position of employment with the Federal Government in order to perform active duty in the uniformed

> services pursuant to a call or order to active duty under . . . a provision of law referred to in section 101(a)(13)(B) of title 10 shall be entitled [to differential pay].

The provisions of law listed in 10 U.S.C. § 101(a)(13)(B) in turn define the term "contingency operation." Accordingly, our reviewing court has recently concluded that for a claimant to be entitled to differential pay under 5 U.S.C. § 5538(a), the claimant "must have served pursuant to a call to active duty that meets the statutory definition of contingency operation." *Adams*, 3 F.4th at 1378. For the following reasons, we find that none of the periods of service at issue qualifies as active duty in a contingency operation.

¶4     First, some of the periods of service for which the appellant claims an entitlement to differential pay do not qualify as "active duty" for purposes of 5 U.S.C. § 5538(a). Active duty is defined as "full-time duty in the active military service of the United States," but does not include "full-time National Guard duty" under 32 U.S.C. §§ 316, 502, 503, 504, or 505. *See* 10 U.S.C. § 101(d)(1), (5). The appellant's military orders reflect that, during the periods from July 1 through October 26, 2009; September 2 through December 30, 2013; and May 23 through June 4, 2016, he was serving full-time National Guard duty under the authority of 32 U.S.C. §§ 503, 504, and/or 505. *Stockwell v. Department of Homeland Security*, MSPB Docket No. CH-4324-17-0314-I-1, Initial Appeal File (IAF), Tab 11 at 27-32, 40-46, 55-57. Hence, none of these periods of service constitutes "active duty" that could qualify the appellant for differential pay under 5 U.S.C. § 5538(a).

¶5     For the remaining periods at issue, March 26 through April 19, 2011; January 11 through May 21, 2016; and June 5 through August 1, 2016, the appellant was not entitled to differential pay because his service was not in a "contingency operation" as required under 5 U.S.C. § 5538(a). As relevant here, 10 U.S.C. §101(a)(13)(B) defines the term "contingency operation" to include:

> [A] military operation that . . . results in the call or order to, or retention on, active duty of members of the uniformed services under

section 688, 12301(a), 12302, 12304, 12304a, 12305, or 12406 of this title, chapter 13 of this title, section [3713] of title 14, or any other provision of law during a war or during a national emergency.

*Id.* In this case, the appellant was ordered to active duty under 10 U.S.C. § 12301(d), which is not one of the specific provisions listed in the definition. IAF, Tab 11 at 33-36, 47-53, 58-61.

¶6        The appellant argues that the service nonetheless falls under the "catch-all" provision of 10 U.S.C. § 101(a)(13)(B), as he was called to active duty "under a provision of law," namely 10 U.S.C. § 12301(d), and a national emergency has been in effect since September 11, 2001. Petition for Review File, Tab 1 at 10; *see* Continuation of the National Emergency with Respect to Certain Terrorist Attacks, 84 Fed. Reg. 48545 (Sept. 12, 2019) (declaration of the President continuing the national emergency for the year 2019-2020). He correctly observes that our reviewing court has held that the use of the term "any" indicates that the list of statutory provisions is nonexhaustive and that the phrase "other provision[s] of law" should be interpreted broadly. *O'Farrell v. Department of Defense*, 882 F.3d 1080, 1084-85 (Fed. Cir. 2018).

¶7        However, the court has declined to read the statute so expansively that any reservist called to duty during a national emergency would be deemed to be performing a contingency operation. *Adams*, 3 F.4th at 1379; *see O'Farrell*, 882 F.3d at 1086 n.5 (explaining that not all reservists called to active duty during a national emergency are acting in support of a contingency operation). Rather, the court has found that the term "any other provision of law" must be read in the context of the enumerated statutes listed in 10 U.S.C. § 101(a)(13)(B), which all involve some connection to the declared national emergency. *Adams*, 3 F.4th at 1380 (citing 10 U.S.C. §§ 688(c), 12301(a), 12302, 12304, 12305, 12406; 10 U.S.C. chapter 13; 14 U.S.C. § 3713). The court observed that, in contrast to the enumerated statutes, 10 U.S.C. § 12301(d) makes no reference to a national emergency, but authorizes the activation of reservists "at any

time . . . with the consent of that member." Applying the principle of *esjudem generis*,[2] the court concluded that it was "implausible that Congress intended for the phrase 'any other provision of law during a war or national emergency' to necessarily include § 12301(d) voluntary duty that was unconnected to the emergency at hand."[3] *Adams*, 3 F.4th at 1380. Here, as in *Adams*, the appellant has not alleged a connection between his service and the declared national emergency. *See id.*; *cf. O'Farrell*, 882 F.3d at 1087-88 (finding that the petitioner, who was called to active duty under 10 U.S.C. § 12301(d) to replace a member of the Navy who had been deployed to Afghanistan, was serving indirectly in support of a contingency operation and thus qualified for military leave benefits under 5 U.S.C. § 6323(b), which apply to reservists called to active duty "in support of a contingency operation").

¶8     In sum, we find the appellant was not serving active duty in a contingency operation, as required under 5 U.S.C. § 5538(a), for any of the periods of service at issue. Because the appellant has not shown that he was entitled to differential pay as a benefit of employment, we affirm the initial decision except as modified herein.

---

[2] Under the principle of *esjudem generis*, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114 (2001) (quoting 2A N. Singer, *Sutherland on Statutes and Statutory Construction*, § 47.17 (1991)).

[3] The court further observed that its reading of the statute is consistent with the Office of Personnel Management guidance, which generally provides that duty qualifying for differential pay "does not include voluntary active duty under 10 U.S.C. § 12301(d)." *Adams*, 3 F.4th at 1380 (quoting *OPM Policy Guidance Regarding Reservist Differential under 5 U.S.C. § 5538*, at 18 (available at https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/reservist-differential/policyguidance.pdf)).

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.